**IN THE UNITED STATES DISTRICT COURT FOR**
**THE SOUTHERN DISTRICT OF IOWA**
**WESTERN DIVISION**

| | | |
|---|---|---|
| TERRY HUGHES, individually and as father, natural guardian, and next best friend of TH , a minor,<br><br>Plaintiffs,<br><br>v.<br><br>BLACKPOWDER PRODUCTS, INC., a Corporation,<br><br>Defendant. | ) | 1:15-CV-00028-JAJ-HCA<br><br>AMENDED COMPLAINT and Jury Trial Demand |

---

**AMENDED COMPLAINT**

Plaintiff Terry Hughes, individually and as father, natural guardian and next best friend of TH, a minor, states as follows:

**JURISDICTIONAL FACTS**

1. Plaintiff TERRY HUGHES is the natural father of TH, a minor, and, at all times pertinent hereto, they were citizens and residents of Clarinda, Page County, Iowa.

2. Defendant BLACKPOWER PRODUCTS, INC., a/k/a BPI ("BPI"), was at all times pertinent hereto a Georgia corporation engaged in the business of designing, developing, importing, marketing, distributing and selling firearms and related products, including but not limited to muzzleloader rifles in general and the Wolf model in particular. Its principal place of business was at all times pertinent hereto in Norcross, Gwinnett Co., Georgia.

3. The amount in controversy exceeds $75,000.00.

4. This United States District Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332 because Plaintiffs are residents and citizens of the state of Iowa, and Defendant is a resident of and have their principal places of business in states other than Iowa.

## FACTS REGARDING PRODUCT AND PRODUCT FAILURE

5. The BPI PR2100 Wolf Rifle .50 Cal muzzleloader rifle, was designed, developed, imported, marketed, and placed into the stream of interstate commerce by Defendant BPI for sale to and use by consumers like Plaintiffs in numerous states including Iowa.

6. TERRY HUGHES, father of TH, purchased a new BPI PR2100 Wolf .50 Cal muzzleloader rifle, from a B&D Outdoors store located in Clarinda, Iowa and gave it to his son as a Christmas gift in December, 2008.

7. B&D Outdoors was at all times pertinent hereto engaged in the business of selling numerous types of merchandise including but not limited to muzzleloader rifle products designed, developed, imported, marketed, distributed, and sold by Defendant BPI to consumers in Iowa.

8. Subsequently, on March 12, 2013, in Page County, Iowa, when Plaintiff's son, TH, fired the BPI PR2100 Wolf .50 Cal muzzleloader rifle, it exploded in the area where the breech plug seats or screws into the barrel.

9. Before firing the muzzleloader rifle, TH properly loaded it with a charge of two (2), fifty (50) grain, Hodgdon Pyrodex (propellant) pellets, seated a two hundred forty (240) grain "XTP" bullet against the charge, and placed a 209 (ignition) Winchester primer into the breech plug, all in compliance with the written instructions and recommendations

contained in the BPI product manual. When he fired the muzzleloader rifle, it exploded and caused TH serious personal injury.

10. The force of the explosion caused components of the muzzleloader rifle, and fragments of them, to be forcefully ejected causing TH to sustain blast injuries to various bones, ligaments, tendons, muscles, nerves, and skin of his right arm, hand, and fingers. These injuries were, and continue to be, painful, disabling, and disfiguring.

**STRICT LIABILITY OF DEFENDANT BPI**

11. Defendant BPI is strictly liable to Plaintiffs because its PR2100 Wolf .50 Cal muzzleloader rifle, was defective and unreasonably dangerous due to design, material, manufacturing, and marketing defects, including but not limited to defective mechanical design, defective materials specifications, defective manufacturing procedures and specifications, deficient inspection and testing procedures and specifications, and deficient quality control procedures and specifications. Defendant BPI is also strictly liable to Plaintiffs because it failed to provide adequate, proper, and reasonable information, instructions, and warnings regarding the maintenance and use of the muzzleloader rifle, including hazards associated with the intended, recommended, and foreseeable use of the muzzleloader rifle product. Defendant BPI is strictly liable to Plaintiffs because the aforementioned defects were the direct cause of the incident of March 12, 2013, described in paragraphs 8 through 10.

12. BPI designed, developed and placed the PR2100 Wolf .50 Cal muzzleloader rifle into the stream of interstate commerce. The muzzleloader rifle which was sold, promoted and distributed by BPI was in a defective and unreasonably dangerous condition at the time it was placed into the stream of commerce.

13. The PR2100 Wolf .50 Cal muzzleloader rifle, reached and was received by TH without substantial change in the defective condition that it was in, when Defendant BPI placed it into the stream of commerce. The aforementioned muzzleloader rifle was defectively manufactured, and was unreasonably dangerous for its intended use by foreseeable users, including Plaintiff and his son, TH.

14. Plaintiffs used the BPI PR2100 Wolf .50 Cal muzzleloader rifle for the purpose intended by Defendant BPI and in a manner reasonably foreseeable by Defendant.

**DESIGN DEFECT**

15. Defendant BPI designed, developed and placed the PR2100 Wolf .50 Cal muzzleloader rifle into the stream of commerce. The aforementioned muzzleloader rifle was in a defective and unreasonably dangerous condition at the time BPI placed it into the stream of commerce.

16. The aforementioned muzzleloader rifle reached Plaintiffs without substantial change in the defective condition that it was when Defendant BPI placed it into the stream of commerce.

17. The aforementioned muzzleloader rifle was defectively designed and developed, and it was unreasonably dangerous for its intended use by foreseeable users, including Plaintiffs.

**NEGLIGENCE OF DEFENDANT BPI**

18. Defendant BPI failed to exercise ordinary care, was negligent, and is liable to Plaintiffs because:

A. It failed to exercise ordinary care to provide adequate and proper design, material, and manufacturing specifications and processes for the breech plug, barrel, and related component parts of the above described muzzleloader rifle.

B. It failed to perform or require performance of adequate, proper, and reasonable quality control procedures, including inspection and testing, for the above described muzzleloader rifle.

C. It failed to exercise ordinary care to provide adequate, proper, and reasonable information, instructions, and warnings regarding the proper use and maintenance of the above described muzzleloader rifle, even though it had, or should have had the expertise, knowledge, and means to do so; and

D. Defendant BPI failed to exercise ordinary care in failing tocorrect, modify, and revise the (mechanical configuration and or materials specifications) design of the muzzleloader rifle product line, that it knew from a series of numerous, previous, and similar incidents, had explosively failed in the area where the breech plug seats or screws into the barrel, when put to its intended, recommended, and foreseeable use by consumers like Plaintiffs.

E. The incident of March 12, 2013, wherein Plaintiff's minor son, TH, was injured would not have occurred without negligence on the part of Defendant BPI in the design, manufacture, marketing, and distribution of the PR2100 Wolf .50 Cal muzzleloader rifle as the product was under the control and management of Defendant BPI at the time it was negligently designed, manufactured, marketed, and distributed and there was no change in the condition of the product.

**CAUSATION**

19. The incident described in Paragraphs 8 through 10 was directly caused by:

A. The defective and unreasonably dangerous PR2100 Wolf .50 Cal muzzleloader rifle, as designed, developed, imported, marketed, and placed into the stream of interstate commerce by Defendant BPI.

B. The negligence of Defendant BPI in designing, developing, marketing, and placing into the stream of interstate commerce, a muzzleloader rifle product line that it knew was defective and unreasonably dangerous because of its knowledge of numerous, previous, and similar incidents wherein such product had explosively failed when put to its intended, recommended, and foreseeable use.

C. The negligence of Defendant BPI in failing to correct, modify, and revise the design of a muzzleloader rifle product line, that it knew was defective and unreasonably dangerous because of its knowledge of numerous, previous, and similar incidents wherein such product had explosively failed when put to its intended, recommended and foreseeable use.

**PLAINTIFF TERRY HUGHES' AND TH'S DAMAGES**

20. At the time of the incident of March 12, 2013, described in Paragraphs 8 through 10, Plaintiff's son, TH, was a healthy, able-bodied 16 year old boy.

21. As a direct result of the incidents described in Paragraphs 8 through 10, TH sustained serious, painful, debilitating, and disfiguring injuries to his right arm, hand and fingers. He has undergone numerous surgical procedures for said injuries.

22. Due to TH's injuries, Plaintiff has incurred damages for past medical bills in excess of $100,000.00, and will likely continue to incur damages in the future for medical care costs for TH. TH is left with permanent injury, disability, and scarring to his right arm, hand and fingers. He also has loss of sensation and loss of strength and range of motion in his right arm, hand and fingers. Additionally, TH has sustained compensable damages and losses including loss of income and earning capacity, past and future, and mental and physical pain and suffering, past and future; loss of full mind and body, past and future, and permanent injury and impairment.

## PLAINTIFF TERRY HUGHES' DAMAGES FOR LOSS OF PARENTAL CONSORTIUM AND SERVICES

23. Plaintiff TERRYHUGHES is the natural father of TH and, as a direct result of the incident of March 12, 2013, and the injuries suffered therein by TH, Plaintiff TERRY HUGHES has sustained compensable damages for loss of parental consortium and services.

## PUNITIVE DAMAGES

24. Plaintiffs reserve the right to amend this Complaint and make appropriate allegations regarding punitive damages pursuant to Iowa Code § 668A, if and when evidence of willful or malicious conduct on the part of Defendant BPI is developed, discovered, or otherwise obtained.

WHEREFORE, Plaintiff TERRY HUGHES, individually and as father, natural guardian and next best friend of TH request judgment against Defendant BPI in an amount that will fully and fairly compensate them for their injuries and damages, contemplated punitive damages against Defendant in an amount sufficient to punish Defendant and to deter Defendant and others from engaging in illegal conduct; plus taxable costs, prejudgment and post judgment interest, and all other relief to which they may be entitled.

**JURY DEMAND**: Plaintiff demands trial by jury on this Complaint.

June 30, 2015

TERRY HUGHES, individually and as father, natural guardian, and next best friend of TH, a minor, Plaintiffs

By: /s/ Cletus W. Blakeman

Cletus W. Blakeman
Carlson & Burnett LLP
816 So 169th Street
Omaha, NE 68130
402-415-6977
866-486-0204 Fax
clete@carlsonburnett.com